UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON S. BISHOP,

    Petitioner,

v.

DONALD CURLEY,

    Respondent.

Case No. 25-cv-11328

Honorable Robert J. White

**OPINION AND ORDER (1) DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Ramon S. Bishop is imprisoned at the Newberry Correctional Facility in Newberry, Michigan. He filed a letter with the Court, which was docketed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, seeking to stay the case and hold the petition in abeyance while Petitioner continued exhausting his state-court remedies. (ECF No. 1). He has paid the filing fee. For the reasons set forth below, the Court will DISMISS this action without prejudice.

**I.    The Petition**

Petitioner's pleading does not indicate the cause of his incarceration. (ECF No. 1, PageID.1). He appears to request the proper forms from the Clerk's Office to file a federal habeas petition and informs the Court that "he has exhausted his State

issues that were raised by Appellate Counsel but must raise issues of error that counsel failed to raise[.]" *Id*. Petitioner requests that the Court enter an order staying the case while he returns to the state courts to exhaust his claims. *Id*.

## II.  Legal Standard

Upon the filing of a habeas corpus petition, a court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases.  If the court determines the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A habeas petition filed under § 2254 must:

> (1) specify all the grounds for relief available to the petitioner,
> (2) state the facts supporting each ground,
> (3) state the relief requested,
> (4) be printed, typewritten, or legibly handwritten, and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

§ 2254 Rules, Rule 2; *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

statement of the facts that entitle the petitioner to relief.") (citing *Picard v. Connor*, 404 U.S. 270 (1971)). "Notice pleading" is not sufficient. *See* § 2254 Rules advisory committee's note to Rule 4; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Civil Rule 8(a)).

A petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Such a stay is only appropriate, however, if the petitioner shows: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are not plainly meritless; and (3) that there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

### III.   Discussion

Because Petitioner has requested the Court stay proceedings and hold his petition in abeyance, the Court will consider whether Petitioner's filing is an attempt to file a "protective" petition that may be held in abeyance pending the exhaustion of state post-conviction remedies.

Rule 2(c) of the Rules Governing Section 2254 Cases states that a habeas petition must specify all grounds for relief and state the facts supporting each ground. Here, Petitioner's initial filing does not specify the grounds or facts for relief. Thus,

3

this filing cannot be construed as a petition or a "protective" petition, and there is nothing to hold in abeyance. *See, e.g., Hall v. Trierweiler*, Case No. 16-cv-10126, 2016 WL 3611887, at *1-2 (E.D. Mich. July 6, 2016) (declining to construe Motion to Hold Habeas Petition in Abeyance as a petition for writ of habeas corpus); *see also Plitt v. On Habeas Corpus*, Case No. 1:07-cv-00341, 2007 WL 1412048, at *1 (E.D. Cal. May 11, 2007) (same).

Even if any of Petitioner's pleading could be construed as a habeas petition, the Court declines to stay the proceedings and hold the petition in abeyance. Although Petitioner suggests that his failure to exhaust was the result of ineffective assistance of appellate counsel, he does not state the claims that he intends to raise in his petition, the claims he seeks to raise on collateral review, or whether he has filed a motion for relief from judgment in the state court. The Court concludes that there is no reason to stay the petition as Petitioner is currently attempting to exhaust his claims and has not provided facts from which the Court could determine the merit of the claims. Thus, Petitioner's request for a stay of proceedings is denied and this petition is dismissed without prejudice.

## IV. Certificate of Appealability

To appeal this Order, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Although a federal district court may grant or deny a certificate of appealability if it issues a ruling on the habeas petition,

*Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002), it "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," § 2254 Rules, Rule 11(a).

Petitioner will be denied a certificate of appealability because he has not demonstrated "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right," nor "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Wright v. Shaver*, 606 F. Supp. 3d 724, 732 (E.D. Mich. 2022) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## V. Conclusion

Accordingly, Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is SUMMARILY DISMISSED WITHOUT PREJUDICE.

Further, it is ORDERED that Petitioner is DENIED a certificate of appealability.

This is a final order and closes the above-captioned case.

IT IS SO ORDERED.

Dated: July 30, 2025            s/Robert J. White
                                             Robert J. White
                                             United States District Judge

Dated: [insert date]      s/Robert J. White
                                    Robert J. White
                                    United States District Judge